**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| PAUL LEVAN, | : |
| Petitioner, | : Civ. Action No. 15-3536(RMB) |
| v. | : **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

**BUMB**, District Judge:

This matter is before the Court upon Petitioner's self-styled "Motion for Appointment of Counsel to Investigate Newly Discovered Evidence, and for Reconsideration of Concurrency of Sentence Pursuant to 28 U.S.C. § 2255." (ECF No. 1.) Petitioner asserts the Court has jurisdiction to entertain his motion for appointment of counsel prior to his filing of "a formal § 2255 motion" because his underlying criminal case satisfies the Article III case and controversy requirement, quoting U.S. v. Thomas, 713 F.3d 165 (3d Cir. 2013). (ECF No. 1 at 1-2.) Petitioner seeks counsel to investigate alleged newly discovered evidence that might form a basis for bringing a motion under 28 U.S.C. § 2255. (ECF No. 1 at 4-7.)

1

At sentencing, the Government argued Petitioner should be given consecutive sentences because he arranged and supplied $3,000 toward a drug conspiracy, making him more than a minor participant, as Petitioner alleged. (Id. at 5-6.) The crux of Petitioner's motion is that he believes the Government's informant was the person who sent Petitioner's co-defendant $3,000 in support of the drug conspiracy. (Id.) Thus, the Government should not have argued for consecutive sentencing when Petitioner pled guilty. (Id.)

Petitioner alleged that he recently discovered the Government's informant was conspiring with a prison guard to sell tobacco in prison. (Id. at 4-5.) In the week of December 20, 2010, the guard received $5,000 to purchase tobacco. (Id. at 5.) Petitioner stated, "It is believed that [the informant] instructed [the prison guard] to take $3000 out of the $5000 . . . and send it to Petitioner's co-defendant . . . ." (Id.) Petitioner's co-defendant testified that he received $3,000 in the mail from someone he believed was acting on Petitioner's behalf. (Id.) This was the basis for Petitioner's consecutive sentencing.

Petitioner contends the Government withheld Brady material concerning the informant's illegal activities in prison, and this was relevant to Petitioner's plea agreement and sentencing. (Id. at 8.) Petitioner, however, has provided nothing more than

2

his belief that the $3,000 attributed to Petitioner's role in a drug conspiracy was actually provided to his co-defendant by the informant. Petitioner's theory is not new. In his Sentencing Memorandum, Petitioner argued the informant was responsible for the $3,000 payment in the drug conspiracy, although Petitioner did not know where the money came from. (ECF No. 1-1 at 5, Exhibit 1, Sentencing Memorandum.) Petitioner has not provided any reason for the Court to believe that the Government had knowledge that the informant, rather than Petitioner, was responsible for the $3,000 payment. Thus, the Court will deny Petitioner's request to appoint counsel to investigate this matter.

    IT IS therefore on this **2nd** day of **June 2015**,

    **ORDERED** that the Clerk shall administratively terminate this matter; subject to reopening in 30 days if Petitioner files a motion under 28 U.S.C. § 2255 on the proper form; and it is further

    **ORDERED** that the Clerk mail a copy of this Memorandum and Order, together with a blank form "Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody Under 28 U.S.C. 2255," to Petitioner by regular U.S. Mail.

                                      s/Renée Marie Bumb_____
                                      **RENÉE MARIE BUMB**
                                      **United States District Court**